**Commonwealth v. Bonini**

*Gordon J. Daghir,* District Attorney, for Common-wealth.

*Cartwright & Fernan,* for defendant.

GREINER, P. J., October 2, 1970.—The Commonwealth requests that the purported waiver proceedings taken by defendant herein be dismissed for failure to comply with the Minor Judiciary Court Appeals Act of December 2, 1968, (no. 355), sec. 3(c). Defendant claims compliance with section 1205 of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §1205, in that within four days after the information charging a speeding violation, through his attorney, he appeared at the office of the issuing authority, notified him of waiver into court and posted $40 cash bond. The issuing authority, being a "Grandfather" justice of the peace, timely filed his transcript with the prothonotary on February 13, 1970, being seven days after the information was filed and well within the 20-day requirement of the Minor Judiciary Court Appeals Act. However, there was no compliance with that portion of said act requiring formal written notice of waiver under oath and service of same upon the issuing authority and district attorney.

We are of the opinion that as these acts apply to the justices of the peace in office prior to the effective date of the new district magisterial system, they are laws in pari materia and shall be construed together in accordance with article IV, sec. 62, Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §562. The subsequently enacted Minor Judiciary Court Appeals Act, effective January 1, 1969, does not abrogate nor repeal section 1205 of The Vehicle Code but implements it by setting forth additional detailed requirements necessary to exercise the privilege of waiver which it establishes.

We, therefore, make the following

### ORDER

Now, October 2, 1970, the within waiver proceedings are dismissed and the prothonotary is directed to return all documents filed in this case by the justice of the peace to said justice of the peace for final adjudication of the guilt or innocence of defendant as he otherwise would have done had the purported waiver proceedings never been initiated.